UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

MARI MAROTTA,

              Plaintiff,

      v.

MONROE COUNTY
(Monroe Community Hospital),

              Defendant.
───────────────────────────────────────────

<u>DECISION & ORDER</u>

14-CV-6310W

        Plaintiff Mari Marotta ("Marotta") filed a *pro se* complaint against defendant Monroe County alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., arising from her employment and termination of employment with Monroe Community Hospital ("MCH"). (Docket # 1). Currently pending before this Court is Marotta's second motion for appointment of counsel and first motion to amend her complaint. (Docket # 19).

        Marotta's form *pro se* complaint indicates that she is asserting claims for failure to promote, harassment, wrongful termination, and denial of vacation compensation. (*Id.*). According to her complaint, Marotta was fifty-six when she was hired by MCH in 2010. (*Id.*). In the section of the complaint requesting the complainant to provide a brief statement of "the facts of [the] case," Marotta alleges:

> I believe I was wrongfully terminated and deprived of earned vacation compensation. Documentation will assist in my allegations of being bribed and/or coerced into resigning my position. When I refused to sign proposal #1, I was offered proposal #2 which I also refused. Therefore, I was not

>compensated for unused vacation and my unemployment benefits were contested. After appeal, I was awarded my benefits.

(*Id.*).

Defendant answered the complaint on January 8, 2015. (Docket # 6). This Court conducted a Rule 16 scheduling conference and issued a scheduling order on February 5, 2015. (Docket # 9). Pursuant to that order, discovery was to be completed by May 22, 2015, and dispositive motions were to be filed by no later than July 31, 2015. (*Id.*). Approximately one month before the discovery deadline, defendant filed a motion for judgment on the pleadings. (Docket # 15). United States District Judge Elizabeth A. Wolford granted Marotta's request to adjourn briefing and determination on that motion pending this Court's decision on Marotta's motion to amend her complaint and for appointment of counsel. (Docket # 20). Marotta's motion to amend does not seek to add new claims or defendants; rather, it attempts to address the purported deficiencies in her original complaint identified by MCH in its motion for judgment on the pleadings. (Docket # 19).

Defendant opposes her motion to amend on the grounds of futility. (Docket # 23). Defendant argues that Marotta's submission does not allege that she was terminated for her membership in a protected class, but rather simply explains her disagreement with the termination decision. (Docket # 23-1 at 3).

This District's Local Rules require that motions to amend be accompanied by the proposed amended pleading. W.D.N.Y. Local Rule 15(a). Marotta has not submitted a copy of her proposed amended complaint, making this Court's review of her motion more difficult. Of course, Marotta is litigating this action *pro se*, and "the failure to attach a proposed amended complaint to the motion is not necessarily fatal" where the basis for the proposed amendment

may be ascertained from the moving papers. *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009).

In this case, Marotta's motion consists of a short motion and nine exhibits. (Docket # 19). Her motion primarily summarizes the nine attached exhibits, the first of which is an eight-paragraph narrative signed by Marotta on May 18, 2015 describing in considerable detail the alleged circumstances of her termination. (*Id.* at 4-5). The narrative alleges that she was fired for transporting an MCH resident to a medical appointment with an outside provider on July 12, 2013. (*Id.*). The statement further asserts that Marotta's supervisor approved Marotta's actions in advance. (*Id.*). According to Marotta, she was terminated for the incident, but the supervisor was not. (*Id.*).

Marotta's motion, to which the narrative statement is appended as Exhibit 1, states that her notice of termination from MCH (appended as Exhibit 6) states that she was terminated for transporting the resident off MCH premises without authorization on July 12, 2013. (*Id.* at 2). In her motion, Marotta counters that she received authorization from her direct supervisor, whom she identifies by name, to transport the resident. (*Id.*). Marotta further alleges that her supervisor, who was in her twenties, received a three-day disciplinary suspension, and Marotta, by contrast, was terminated. (*Id.*).

Defendant's opposition papers do not address these age-related factual assertions. Indeed, in its motion for judgment on the pleadings, defendant argues that Marotta's original *pro se* complaint is deficient because:

> Marotta alleges she is a member of a protected class, and her employment was terminated. Beyond these assertions, nothing in her Complaint is relevant to a claim of discrimination under the ADEA. She does not allege that she was replaced by a younger worker, nor that any younger worker was not terminated for committing the same acts as her. Marotta's Complaint fails to

3

> describe the circumstances that led to her termination. . . .
> Marotta's Complaint does not identify any ground supporting an
> inference that her termination was based on her age[.]

(Docket # 15-4 at 7). Marotta's current motion clearly attempts to address these purported deficiencies. Her moving papers assert that her much younger supervisor, who authorized the very act that precipitated Marotta's termination, was only suspended, while Marotta herself was terminated. Marotta has also drafted and included in her motion a signed narrative statement describing the circumstances of the termination. This Court's review of Marotta's motion reveals an apparently adequate alleged factual basis to support an inference that her termination was based on her age. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009) ("[i]t is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to . . . 'the more favorable treatment of employees not in the protected group[,] or the sequence of events leading to the plaintiff's discharge'") (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994), *superseded by statute on other grounds*, N.Y.C. Local L. No. 85, *as recognized in Mihalik v. Credit Agricole Cheuvreax N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). *See Tongring v. Bronx Cmty. Coll. of City Univ. of New York Sys.*, 2014 WL 463616, *5 (S.D.N.Y. 2014) (denying motion to dismiss ADEA claim where complaint contained factual allegations of "more favorable treatment of employees not in the protected group [and] the sequence of events leading to the plaintiff's discharge"). Accordingly, this Court cannot conclude that Marotta's contemplated amendment would be futile.

Of course, Marotta has not submitted a proposed amended complaint. Marotta is directed to serve and file an amended complaint by no later than February 16, 2016, which will completely replace her original complaint. *See* W.D.N.Y. Local Rule 15(a) ("[t]he proposed

amended pleading must be a complete pleading superseding the original pleading in all respects[;] [n]o portion of the prior pleading shall be incorporated into the proposed amended pleading by reference"). Her amended complaint should include the age discrimination claims that she is asserting, accompanied by all of the factual allegations she wishes to include in support of her claims. Marotta should not rely upon exhibits to provide factual allegations she wishes to include in her complaint, but should include any of those factual assertions in her amended complaint. The allegations should be clear and concise and provide defendant with adequate notice to understand and respond to the claims. Defendant shall answer or move to dismiss the amended complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.

Marotta's renewed motion for appointment of counsel is denied. (Docket # 19). Although she has included some additional allegations of indigence, she has not demonstrated a likelihood of success on the merits or an inability to litigate this action *pro se*. Accordingly, for the same reasons that the Court denied her previous application (*see* Docket # 14), her pending motion for appointment of counsel is denied without prejudice.

This Court shall conduct a status conference with Marotta and counsel for defendant on April 7, 2016, at 11:40 a.m., in order to set new scheduling deadlines for discovery and dispositive motions. Defendant's motion for an order staying the deadlines in the previous scheduling order pending the district court's determination on defendant's motion for judgment on the pleadings is denied. (Docket # 16).

## **CONCLUSION**

For the reasons stated above, Marotta's motion to amend her complaint and for the appointment of counsel **(Docket # 19)** is **GRANTED in part and DENIED in part**. Specifically, Marotta's motion to amend her complaint is granted. Marotta is directed to serve and file an Amended Complaint by no later than **February 16, 2016**, in accordance with the directions herein. Defendant shall answer or move to dismiss the Amended Complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure. Marotta's motion for appointment of counsel is denied without prejudice at this time. It is Marotta's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Further, defendant's motion for an order staying the deadlines in the previous scheduling order pending the district court's determination on defendant's motion for judgment on the pleadings **(Docket # 16)** is **DENIED**.

A **status conference** will be held with the undersigned at 2310 U.S. Courthouse, 100 State Street, Rochester, New York on **April 7, 2016**, at **11:40 a.m.**, to set new scheduling deadlines for discovery and dispositive motions.

**IT IS SO ORDERED.**

                                                           *s/Marian W. Payson*
                                                           MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated: Rochester, New York
       January 14, 2016