UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARI MAROTTA,

                Plaintiff,

      v.

MONROE COUNTY,

                Defendants.
_____

DECISION & ORDER

14-CV-6310W

On January 20, 2015, *pro se* plaintiff Mari Marotta ("plaintiff") filed a complaint against the County of Monroe under the Age Discrimination in Employment Act ("ADEA"), alleging wrongful termination and discrimination in connection with her employment at the Monroe Community Hospital. (Docket # 1). Currently before this Court is plaintiff's third request for appointment of counsel. (Docket # 37).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. This is plaintiff's third application seeking the appointment of counsel. (Docket ## 8, 14, 19, 25, 37). In her renewed request, plaintiff has included additional allegations of indigence, but has not demonstrated a likelihood of success on the merits or an inability to litigate this

action *pro se*.  Indeed, in her application she stated that although she found discovery to increase the complexity of the case and believed an attorney would be beneficial, she was "confident" in her ability to move forward.  (Docket # 37).  She has also submitted a subsequent letter dated December 16, 2016, indicating that counsel would be helpful to her in opposing defendant's pending summary judgment motion.  Accordingly, for the same reasons that the Court denied her previous applications (Docket ## 14, 25), her pending motion for appointment of counsel (**Docket # 37**) is **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                          *s/Marian W. Payson*
                          MARIAN W. PAYSON
                          United States Magistrate Judge

Dated:  Rochester, New York
       December 22, 2016